10-1073-ag
Kirakosyan v. Holder

BIA
Elstein, IJ
A095 394 330
A095 394 333

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of January, two thousand eleven,

PRESENT:
>        JON O. NEWMAN,
>        REENA RAGGI,
>        DENNY CHIN,
>                *Circuit Judges.*

_____

ARAM KIRAKOSYAN and SHOGHIK KIRAKOSYAN,
        *Petitioners*,

        v.                                      10-1073-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONERS:        Douglas S. Weigle, Bartlett & Weigle Co., LPA, Cincinnati, Ohio.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Anthony C. Payne, Senior Litigation Counsel; Lance L. Jolley, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, Aram Kirakosyan, a native of Syria and citizen of Armenia, and his wife Shoghik Kirakosyan, a native and citizen of Armenia, seek review of a February 23, 2010, order of the BIA affirming the May 30, 2008, decision of Immigration Judge ("IJ") Annette S. Elstein denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Kirakosyan*, No. A095 394 330/333 (B.I.A. Feb. 23, 2010), *aff'g* No. A095 394 330/333 (Immig. Ct. N.Y. City May 30, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir.

---

[1] For ease of reference, this order refers solely to the lead petitioner, Aram Kirakosyan.

2008) (internal quotation marks omitted).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).  We review the agency's factual findings under the substantial evidence standard.  8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. B.I.A.*, 510 F.3d 377, 379 (2d Cir. 2007).  We review *de novo* questions of law and the application of law to undisputed fact.  *Salimatou Bah*, 529 F.3d at 110.

As an initial matter, as the government argues in its brief, Kirakosyan waives any challenge to the IJ's finding that he failed to establish past persecution on account of his Kurdish ethnicity and religious beliefs as he provides only conclusory and unsupported assertions of past persecution in his brief before us.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

In the absence of past persecution, Kirakosyan can demonstrate eligibility for asylum only if he can show that he has a well-founded fear of future persecution on account of a protected ground.  8 C.F.R. § 1208.13(b)(2)(i).  Before the IJ, Kirakosyan alleged that he feared returning to

3

Armenia because of government-organized groups that intimidated and persecuted non-Armenians. However, as the IJ noted, Kirakosyan offered "no information of any names of such groups, the number of such groups, or the number of people who belonged [to such groups]." IJ Op. at 10. Additionally, the IJ found "no support" in the background information that these groups even existed. *Id.* at 12. Kirakosyan does not challenge these findings, and instead argues that he fears returning to Armenia because Kurds are often stripped of their cultural privileges and subjected to harassment. However, there is no evidence in the record, and Kirakosyan points to nothing in his brief before this Court, to support these assertions. Given the IJ's findings, substantial evidence supports her determination that Kirakosyan failed to meet his burden of proof. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (concluding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

Kirakosyan also argues that the IJ failed to consider evidence demonstrating that Muslims are persecuted in Armenia. However, given his inconsistent statements

4

regarding whether he is Christian or Muslim, Kirakosyan provided insufficient evidence to demonstrate that he was, in fact, Muslim.  *See* 8 U.S.C. § 1229a(c)(4)(B).  The IJ was therefore under no obligation to consider any evidence that Muslims were mistreated in Armenia.  Moreover, the country reports in the record do not describe any mistreatment of Muslims in America.  *See* ROA 245-52.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk